

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 18, 2024

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    ***United States v. Tracii Show Hutsona*, 21 Cr. 299 (JMF)**

Dear Judge Furman:

      The Government respectfully submits this letter in the above-captioned matter in response to defendant Tracii Show Hutsona's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 76 (motion)). The defendant's motion seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023. Here, the motion rests on the following portion of Amendment 821:

- Part A, which alters a provision of the Guidelines that applies additional criminal history points, commonly referred to as "status points," for offenders who committed their offense while subject to a criminal justice sentence.

A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, *and if* the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance.

      For the reasons set forth below, the defendant's motion should be denied.

      Section 3582(c)(2), which governs the defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

Assuming *arguendo* that the defendant qualifies for potential relief, the Court should nevertheless deny the motion. Where a defendant qualifies, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See, e.g.*, *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

Accordingly, courts in this district have denied sentence reductions under Amendment 821 when the Section 3553(a) factors still supported the original sentence imposed. *See, e.g.*, *United States v. Calk*, No. 19 Cr. 366 (LGS), Dkt. No. 318, at *2-3 (S.D.N.Y. Mar. 4, 2024) ("For the reasons expressed at Defendant's initial sentencing hearing, the previously imposed sentence is the minimum sentence necessary" to meet 18 U.S.C. § 3553(a)(2)(A)-(B)); *United States v. Crute*, No. 19 Cr. 816 (VB), Dkt. No. 78, at *2 (S.D.N.Y. Feb. 20, 2024) ("To reduce Crute's term of imprisonment now, simply because his criminal history category no longer takes into account the fact that he was on supervised release at the time of the offense, would surely promote disrespect for the law and would also disrespect the views of Crute's victims. This is not a step the Court is willing to take."); *United States v. Khaziran*, No. 21 Cr. 603 (VEC), Dkt. No. 1247, at 3 (S.D.N.Y. Jan. 17, 2024) ("Defendant urges the Court to reduce his sentence by six months primarily because he has been a 'model inmate,' promptly took responsibility for his actions, has strong family connections, and is unlikely to reoffend. The Court commends Defendant for his good behavior and employment while incarcerated. Those factors are not enough, however, to justify a reduction of sentence in this case." (citations omitted)).[1]

---

[1] Many courts have likewise denied sentence reductions when previous Guideline amendments lowered the applicable sentencing ranges. *See, e.g.*, *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (denial of sentence reduction was not an abuse of discretion, although earlier sentence reduction had been granted despite defendant's prison misconduct, and defendant had not engaged in any new prison misconduct); *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (denial based on nature of original criminal conduct); *United States v. Stevenson*, 332 F. App'x 261, 262-63 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record); *United States v. Dunn,* 728 F.3d 1151, 1160 (9th Cir. 2013) (reduction denied where, among other things, "the original sentence was needed to afford adequate deterrence" (internal quotation marks omitted)); *United States v. Arceneaux*, 297 F. App'x 819, 821 (10th Cir. 2008) (reduction denied due to disciplinary record in prison); *United States v. Suell*, No. 99 Cr. 324, 2008 WL 2845295, at *3 (N.D. Tex. July 17, 2008) (motion denied because defendant benefitted from a favorable plea agreement in which charges were dismissed and the sentence was reduced); *United States v. Reynolds*, No. 95 Cr. 71, 2008 WL 2367254, at *3 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009); *United States v. Melton*, No. 98 Cr.

Here, considering all the facts and circumstances, the Court should deny the defendant's motion.  As the Court recognized at sentencing, the defendant is a serial fraudster, with a history of fraud convictions going back to the 1990s and two prior substantial sentences, including a 75-month sentence imposed in 2009.  (Dkt. No. 70 at 34-35).  The conduct in this case was "despicable"—involving the defendant, for "a significant length of time," stealing over $1 million from and preying upon "a vulnerable victim, a single mom that was undergoing cancer treatment" for the purpose of funding the defendant's lavish lifestyle.  (*See id.* at 33-34).  Furthermore, *after* the Court determined that a sentence of 51 months' incarceration was just, the defendant brazenly violated conditions of her release by publicly-posting messages on the Internet that were intended to harass the victim and included financial account information of the victim and the victim's family members.  (*See* Dkt. No. 67).  To avoid a likely remand, the defendant surrendered to begin serving her sentence.  (*See* Dkt. No. 64).  While the Government acknowledges the defendant's apparent efforts at rehabilitation while incarcerated, given the seriousness of her offense, her history of recidivism (including multiple fraud convictions), and the continued need for protection of the public and deterrence, the Government believes that the sentence the defendant received remains appropriate and should not be disturbed.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/_____
Timothy V. Capozzi
Assistant United States Attorney
(212) 637-2404

cc:    Deborah Colson (by ECF)

---

50, 2008 WL 1787045, at *2 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); *United States v. Craig*, No. 96 Cr. 105, 2008 WL 1775263, at *2 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case).