UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                         :
:          21-CR-299 (JMF)
-v-                                              :
:          MEMORANDUM OPINION
TRACII SHOW HUTSONA,                             :          AND ORDER
:
Defendant.              :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On March 7, 2024, Defendant Tracii Show Hutsona filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of her sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 76 ("Motion"). Section 3582(c)(2), which governs Defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 . . . ." *Dillon v. United States*, 560 U.S. 817, 826 (2010). If a defendant qualifies, Section 1B1.10 directs a court to consider the § 3553(a) factors, "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 note 1(B); *see, e.g.*, *United States v. Boyd*, 835 F.3d 791, 792-93 (8th Cir. 2016).

      Applying the foregoing standards, the Court GRANTS the motion. First, the Court agrees with the Probation Department and the defense that Defendant is eligible for a reduction in light of Amendment 821. *See* ECF No. 75. Second, considering the Section 3553(a) factors as well as Defendant's post-sentencing conduct, the Court concludes that a reduction is

appropriate.  In arguing otherwise, the Government emphasizes the reasons that the Court sentenced Defendant at the top of the then-applicable Guidelines range and Defendant's concerning conduct after sentencing.  *See* ECF No. 78, at 3.  In doing so, however, the Government gives short shrift to Defendant's impressive post-sentencing conduct, *see* Motion 2-3, and ignores completely the other arguments made by Defendant in her motion, most notably the fact that the Bureau of Prisons has not been able to fulfil the Court's recommendation of enrolling her in the Residential Drug Abuse Program, *see id.* at 4.

That said, the Court is not prepared to reduce Defendant's sentence from the top of the earlier Guidelines range to the bottom of the new range, as Defendant requests.  *See id.* at 5.  Instead, considering the relevant factors, *see* U.S.S.G. § 1B1.10 note 1(B), the Court reduces Defendant's sentence to 42 months' imprisonment.

SO ORDERED. Dated:

    March 19, 2024  
    New York, New York

                                                   JESSE M. FURMAN  
                                                 United States District Judge