TRULINCS  46867112 - HUTSONA, TRACII SHOW - Unit: PHX-C-I

-------------------------------------------------------------------------------------------------

FROM: 46867112
TO:
SUBJECT: 3582(c)(1)(A)
DATE: 06/20/2024 01:18:12 PM

Dear Judge Furman,

I am requesting relief under 18 USC 3582 (c)(1)(A).
I ask that considerations be made of the following compelling circumstances:

1) Medical
(a) My physician prescribed regular breathing treatments, daily peptide injections, albuterol, and medicated syrups for the
ongoing treatment of Long Haul Covid (LHC). As the prescriptions were not allowed, they were discarded when I surrendered
on March 20, 2023.
 Dr. Winston has since prescribed an Albuterol inhaler, which is the only available treatment for respiratory issues at the BOP.
The inhaler helps me to regain limited oxygen as a response to an episode, but there is nothing available to treat or prevent the
deterioration of my immune system. This was done daily (either at home or in the physician's office) while I was on pre-trial
probation. I have been subject to COVID-19 and Influenza several times in the past year, and tested positive for Influenza-A in
2024. With a compromised immune system, and the respiratory issues with LHC, viruses affect me more severely than others-
sometimes requiring ventilation assisted breathing. The medical staff at FPC Phoenix segregates inmates with Covid-19 in the
chapel, on the floor, and without medical attention. My last virus was so serious that I was afraid to go to them, in fear that I
would be separated and not taken to the hospital where they know to treat LHC.
(b) I am a 55 year old woman, currently going through hormonal changes that require regular gynecology, and access to
gynecologists, which are not available through the current conditions at FPC Phoenix.
(please see medical records).

2) Safety and Security
In the months immediately following my surrender, the special populations coordinator at FCI Phoenix Satellite camp was
discussing my personal information with inmates. From my background to details of my case as perceived by her from the
media, as well as sensitive and confidential information from my pre-sentence Report (PSR). I have been harassed and
targeted by the staff member, to the extent that she implored an inmate to "set me up" with contraband. Fortunately, the inmate
declined and notified me. I contacted the Camp Administrator at that time to express my concern for privacy and safety.
BOP facilities have protocol involving television programs that feature inmates, and have made such programming unavailable
to population where the featured inmate is housed. On March 9, 2024, such a program was available to population.
Per the DOJ's Federal Bureau of Prisons program statement 1480.05, the purpose and scope, as well as the program
objectives of the statement clearly state "The Bureau of Prisons also has a responsibility to protect the privacy and other rights
of inmates and members of the staff."
After imploring staff to prevent this one hour program from being available in the housing units, the request to protect my
privacy and safety was denied and dismissed. The repercussions from this continue to be severe in the form of harassment,
and aggressive behavior from staff and inmates.

3) Financial Obligations
I owe restitution in the amount of $1,148,759.28. Since I was incarcerated in March of 2023, I have paid over $20,000 toward
my restitution by a direct payment to the court and consistent payments made through my FRP agreement ($250. monthly) from
my commissary account.
I operated a business while on pre-trial release - in the five years from the offense date to conviction and sentencing. If allowed
compassionate release with home confinement, I will be able to return to work to restore commitment to community, employees,
and re-pay my obligation of  restitution at a much faster rate.
I am adamant about paying the ordered restitution, and have put everything I am able toward this debt. But my resources from
here are limited.

4) Housing/Employment
My family resides in the same home from where I completed pre-trial probation in Scottsdale, Arizona. I am gainfully employed
in Phoenix, Arizona, and if released and/or allowed to be monitored to and from home and work, I will be able to pay 100% of
my salary toward my restitution balance with my family's support.

5) Public Safety/Risk Assessment
I do not present a risk to public safety, and have followed all rules and regulations as expected. I have demonstrated clear
conduct with no disciplinary infractions, and have been deemed low recidivism, minimum risk, and OUT custody. The BOP

TRULINCS  46867112 - HUTSONA, TRACII SHOW - Unit: PHX-C-I

--------------------------------------------------------------------------------------------------------------

defines OUT custody status as inmates with  less secure housing, eligible for work detail outside of institutional secured perimeter.

Home confinement is an alternative to halfway house, and governed under BOP regulations. It offers monitored housing at home, with the ability to be more self sufficient with medical insurance and appointments, and go to and from work. The community based program agreement (Ex. C, Part II) states the conditions related to participation in home detention.

For the past 16 months, I have been on the waitlist for programs that are important to me and recommended by the court. I have also been referred for gynecology (see Ex. B at Pending Scheduling) since 7/23/2023, but have not yet seen the referred gynecologist. Home Confinement, while strictly monitored by the BOP, will allow me to enroll in counseling and regular therapy, as well as tend to medical needs under greater measures of accountability than currently provided at the camp. The District of Arizona has approved my probation relocation and I have been designated to Phoenix, AZ (see Ex. D).

Under 3582 (c)(1)(A), I ask the court to deem home compassionate release or home confinement appropriate.

In the 16 months I have been incarcerated at FCI Phoenix satellite camp, I have spent time in self-reflection, behavioral DBT programs, drug education, individual and group therapy. I have used my time by doing my best to improve not only myself, but help others around me. From the time I opened my restaurants, I have lived a law abiding life, and since my conviction I have grown to the extent that I only wish I figured myself out before the age I am now. I know I have more to offer myself, my family, and community than I have shown through my past mistakes.

This case has been eye opening in more ways than one- Not only do I continue feeling remorse, shame, and humiliation as a result of my actions, but I have acted inappropriately after sentencing. Since that day, I've felt that I owe an explanation to the court. In fear of appearing unremorseful or blame shifting, I have yet to officially apologize with explanation for my actions. During pre-trial probation, I was followed by private investigators. A team of attorneys and PI's solicited several sources of public exposure. They brought the story to several media outlets, as well as contributed to social media groups about the case. While I remain contrite and remorseful for my own actions, there were statements made about my family and character. Members of my family were hurt by these actions. After my sentence was imposed, I felt that I could offer some vindication by posting responses. Inexcusably, I shared screenshots of conversations between my victim and I to shed light on the embellishment. It was an irrational, foolish decision that I regret every day. I look back on that time, embarrassed for my behavior.

My in-laws are good people who have taken me under their wing, and fill the void of not having parents alive since 1997 and 2010. My father-in-law is a known mentor throughout San Diego, as a county probation officer for the last 40 years, a track and field and football coach and trainer, and community leader. My mother-in-law is a retired pediatric hospital nurse. I was desperate to save face and their family name, which I have disgraced. Please understand that I now know how terribly wrong my actions were, as my state of mind was altered after the pre-trial period. I should never have posted those conversations, and regret doing so. My intent was misdirected, and I apologize to the court for acting in such a manner.

Since I have been incarcerated, I feel that I have come full circle with understanding how my past mistakes have affected people and families. Past justifications are unwarranted.

At my sentencing hearing in February 2023, Your Honor told me that my statement sounded like a repeat of what he read in my file from fifteen years ago, in 2009. Those words have resonated with me throughout my incarceration. I didn't hear it at the time - but I get it now. I don't wish to continue in a destructive pattern of denial and justification for wrongful deeds. I take ownership of my actions and past mistakes, and use these lessons to encourage others to do the same- hopefully sparing someone a few decades of mistakes through my experience. My case manager has encouraged me to speak to others, and continue to share life lessons after I am released.

Sincerely,

Tracii Show Hutsona

# EXHIBIT A

AO 250  (Rev. 09/20) Pro-Se Motion for Compassion Release

# UNITED STATES DISTRICT COURT

## FOR THE

_Southern_ DISTRICT OF _New York_

UNITED STATES OF AMERICA

Case No. _21 Cr. 299_
(write the number of your criminal case)

v.

_Traci Hutsona, 21 Cr. 299_
Write your full name here.

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)**
(*Pro Se* Prisoner)

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☒ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

Page 1 of 6

## I.   SENTENCE INFORMATION

Date of sentencing: *Feb. 28, 2023*

Term of imprisonment imposed: *42 months*

Approximate time served to date: *16 months*

Projected release date: *9/18/2025 _ FSA conditional date 3/31/2025*

Length of Term of Supervised Release: *3 years*

Have you filed an appeal in your case?

☐ Yes

☒ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes

☒ No

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons. *Exhibit A*

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

☒ Yes, I submitted a request for compassionate release to the warden on _3/28/2024_.

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____

Was your request denied by the Warden?

☒ Yes, my request was denied by the warden on (date): _4/11/2024_.

☐ No. I did not receive a response yet.

## III.   GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

## A. Are you 70 years old or older?

☐ Yes.

☒ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

☒ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☒ Yes.

☐ No.

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

☒ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

☒ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

☐ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

☒ There are other extraordinary and compelling reasons for my release.

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

Please see attached request on the basis of:
1) medical
2) safety and security
3. financial obligations
   attached as Exhibit B (requested to seal)

---

## IV.   ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☒ Yes | . No | ☒ Yes | . No |
| Additional medical information | ☒ Yes | ☐ No | ☒ Yes | ☐ No |
| Exhibit B | ☒ Yes | | ☒ Yes | ☐ No |
| | ☐ Yes | | ☐ Yes | ☐ No |

## V.  REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☐ Yes

☒ No

## VI.  MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

6/21/2024
Date

_Hutsona_
Signature

Tracii Hutsona
Name

46867-112
Bureau of Prisons Register #

SPC Phoenix
Bureau of Prisons Facility

37930 N. 45th Ave, Phoenix, AZ 85086
Institution's Address

Page 6 of 6

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# UNITED STATES DISTRICT COURT
## FOR THE
_Southern_ DISTRICT OF _New York_

UNITED STATES OF AMERICA

v.

_Tracii Hutsona_

Write your full name here.

Case No. _21 Cr. 299_
(write the number of your criminal case)

## MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION
### In Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)

| NOTICE |
| --- |
| The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |

If you attach documents to this form that you believe should not be publicly available, you may request permission from the court to file those documents under seal. If the request is granted, the documents will be placed in the electronic court files but will not be available to the public.

Do you request that the attachments to this document be filed under seal?

☒ Yes _Exhibit B_

☐ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

Are you currently prescribed medication in the facility where you are incarcerated?

☒ Yes

☐ No

If yes, list all prescribed medication, dosage, and frequency: *(See Ex. B at medications)*

*Albuterol Inhaler HFA (2 puffs, 4x daily)*
*Estridiol Patch (bi-weekly)*
*Progesterone (1 pill daily)*

Do you require durable medical equipment (e.g., wheelchair, walker, oxygen, prosthetic limbs, hospital bed)?

☐ Yes

☒ No

If yes, list equipment:

Do you require assistance with self-care such as bathing, walking, toileting?

☐ Yes

☒ No

If yes, please list the required assistance and how it will be provided:

Do you require assisted living?

☐ Yes

☒ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

If yes, please provide address of the anticipated home or facility and the source of funding to pay for it.

_____

Are the people you are proposing to reside with aware of your medical needs?

☒ Yes

☐ No

Do you have other community support that can assist with your medical needs?

☒ Yes

☐ No

Provide their names, ages, and relationship to you. If the person is under the age of 18, please use their initials only:

Gabrielle Shaw, daughter
_____

Will you have transportation to and from your medical appointments?

☒ Yes

☐ No

Describe method of transportation:

personal vehicle
_____

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

6/21/2024
/Date/

_Signature_

Tracii Hutsona
Name

46867-112
Bureau of Prisons Register #

SPC Phoenix
Bureau of Prisons Facility

37930 N. 45th Ave, Phoenix, AZ 85086
Institution's Address

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

**B. Medical needs**

Will you require ongoing medical care if you are released from prison?

☒ Yes

☐ No

Will you have access to health insurance if released?

☒ Yes

☐ No

If yes, provide the name of your insurance company and the last four digits of the policy number. If no, how do you plan to pay for your medical care?

_____  *Blue Shield – 0082 (see Ex. B, medical card)*

If no, are you willing to apply for government medical services (Medicaid/Medicare)?

☐ Yes

☐ No

Do you have copies of your medical records documenting the condition(s) for which you are seeking release?

☒ Yes

☐ No

If yes, please include them with your motion. If no, where are the records located?

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION

To the extent you have medical records or additional medical information that support your motion for compassionate release, please attach those records or that information to this document.

## SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

6/21/2024
Date

_Signature_

Tracii Hutsona
Name

46867-112
Bureau of Prisons Register #

SPC Phoenix
Bureau of Prisons Facility

37730 N. 45th Ave, Phoenix, AZ 85086
Institution's Address

# EXHIBIT B

**Bureau of Prisons**
**Health Services**
**Inmate Report Only (formerly labeled ISDS)**

Reg #:  46867-112                    Inmate Name:   HUTSONA, TRACII SHOW

Reg #:  46867-112                    Inmate Name:  HUTSONA, TRACII SHOW

Reg #:  46867-112                    Inmate Name:  HUTSONA, TRACII SHOW

Report Only

BP-A0946
+6/

Agreement to Participate in the Resolve
Psychology Treatment Program CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

# EXHIBIT C

BP-A0434
JUNE 10

**COMMUNITY BASED PROGRAM AGREEMENT** CDFRM

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

I, HUTSONA, TRACII SHOW     , Register Number, 46867-112     , hereby authorize employers of the Department of Justice and employees of any facility contracting with the Department of Justice to release any or all of the contents of information in my inmate central file to educational facilities, social agencies, prospective employees, etc., for the purpose of assisting in all phases of community programming and release planning. I also authorize the above persons to advise prospective employers that I am currently in the custody of the U.S. Attorney General serving sentence or under the supervision of the U.S. Parole Commission or U.S. Probation Office. This consent will remain in effect until my release from supervision or until revoked in writing by me. Revocation of this authorization may result in my removal from a community-based correctional program.

I understand that while a resident of a residential reentry center or work release program I will be expected to contribute to the cost of my residence through payments to the contractor and I agree to make such payments. I understand that failure to make payments may result in my removal from a community-based program (Not applicable for MINT referrals).

I understand that urinalysis or other Bureau of Prisons authorized testing to detect unauthorized drug or alcohol use may be required as a condition of residence in a residential reentry center or work release program, and if required, I agree to submit to such testing. I understand that ingestion of poppy seed products may result in positive test results for unauthorized drug use and is therefore prohibited.

I understand that no non-emergency medical care may be provided to me at the Bureau's expense without prior authorization of the BOP. I understand that, as part of my transition to release, I am expected to assume increased responsibility for my health care while I am a resident of a community-based correctional program.

I also understand that I may be transferred by the BOP to a suitable institution or facility at the Bureau's option for medical care should the Government deem it necessary.

I understand that I may be required to undergo clinical assessment and may be required to participate in treatment, e.g. mental health/psychiatric treatment, substance abuse treatment, sex offender treatment, recommended as a result of the assessment. I understand that failure to abide by treatment program recommendations may result in my return to a secure facility.

I understand that I may be required to abide by the conditions of supervision as imposed by the sentencing court or the U.S. Parole Commission, including the payments of fines and restitution and to follow the instructions of the probation officer as if on supervision.

I understand that upon arrival at the residential reentry center I may be initially placed in the restrictive Community Corrections Component for a period of orientation. In this component, I will be expected to remain at the RRC unless authorized to leave for employment or other authorized program purposes. Additionally, I understand that social visits and recreational/leisure activities will be confined to the RRC.

I understand that while a resident of a residential reentry center or work release program I will be required to abide by the rules and regulations promulgated by such program.

For MINT referrals, I understand that I or the guardian shall assume total financial responsibility for my child's care while I am a resident of a RRC. Should I or the guardian be unable or unwilling to bear my child's financial cost, I will be transferred back to my parent institution immediately. I understand that no financial support will be provided to my child by the Bureau of Prisons.

PART II

In the event that I am approved for Home Detention, I agree to abide by the following conditions related to my legal participation in Home Detention.

I understand that my participation in Home Detention will be an alternative to placement in a RRC for no more than the last six months or 10% of my sentence, whichever is less. I am aware that I will legally remain in the custody of the Bureau of Prisons and/or the U.S. Attorney General and that failure to remain at the required locations may result in disciplinary action and/or prosecution for escape.

I agree to report to my assigned probation officer or the contractor's facility immediately upon reaching my release destination.

I understand that if I decline to participate in the recommended Home Detention program I may face administrative reassignment out of the residential reentry program.

I agree that during the Home Detention period, I will remain at my place of residence, except for employment, unless I am given permission to do otherwise. I also understand that I will be required to pay the costs of the program based on my ability to pay.

I also agree to maintain a telephone at my place of residence without "call forwarding," or "three-way calling" for this period. I also agree that if instructed to do so, as a condition of Home Detention, I will not have access to a computer with a modem or other device for accessing the internet. I also agree that if my confinement is to be electronically monitored, I will wear any electronic monitoring device required, follow procedures specified, and comply with any telephone and computer access restrictions as they apply to the monitoring device requirements.

| HUTSONA, TRACII SHOW | 06/10/2024 |
|---|---|
| Inmate's Printed Name and Signature | Date |
| COPELAND, L. | 06/10/2024 |
| Witness' Printed Name and Signature | Date |

Record Copy - CCM; Copy - CCM; Copy - Central File

*PDF*         *Prescribed by P7310*         *Replaces BP-S434.073 dtd DEC 98*

# EXHIBIT D

*Exhibit D*



# United States District Court

### District of Arizona

## Probation Office

**Respond to:**
Sandra Day O'Connor U.S. Courthouse, Suite 160
401 W. Washington Street, SPC 7
Phoenix, Arizona 85003-2119
(602) 322-7400
Fax: (602) 322-7409

**PHILLIP MUNOZ**
Chief U.S. Probation Officer
401 W. Washington Street, SPC 7
Phoenix, Arizona 85003-2119
(602) 322-7400

May 31, 2024

Bureau of Prisons
Attention: Case Manager Copeland
Email: LCopeland@bop.gov

RE: HUTSONA, Tracii
　　Reg. No.: 46867-112
　　Response to Request for Relocation

Case Manager Copeland,

The District of Arizona received Hutsona's request to relocation to the District of Arizona. Hutsona requested to reside at 10172 E. Cochise Dr. in Scottsdale, AZ 85258 with her husband, Derrell Hutsona. An investigation was completed and Hutsona has been approved to reside with her husband at 10172 E. Cochise Dr in Scottsdale, Arizona. Hutsona's approval is based on the address approved. If she changes her address or anything about her living situation, the U.S. Probation Office has the right to deny her residing in the District of Arizona and she would need to return to her sentencing district. If you have any questions, please contact me at 602-682-4321. Thank you.

Sincerely,

Teri Torres
U.S. Probation Officer
O: 602-682-4321
C: 602-725-3563

Reviewed by:

Heather A. Hauptly
Supervisory U.S. Probation Officer

BP-A0522
JUNE 10

**SUPERVISION RELEASE PLAN** CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Institution Name: PHOENIX FCI | Date |
|---|---|
| Address: 37900 N 45TH AVE<br>        PHOENIX, AZ 85086 | 06/10/2024 |
| Phone Number: (623)465-9757 | |

Under the law I become eligible for:

☑ Supervised Release
☐ Parole          on     09/12/2025 .
☐ Mandatory Release              (Date)

I submit the following as my plans for the service of the remainder of my sentence under supervision. Pursuant to my sentence, I must report in person to the United States Probation Office within 72 hours of my release.

| Residence | |
|---|---|
| **ADDRESS** | 10172 E. Cochise Dr., Scottsdale, AZ 85258, US |
| **WITH WHOM**<br>**RELATIONSHIP** | HUSBAND, Derrell Hutsona |
| **TELEPHONE** | Mobile 424-558-0003 |

| Employment | |
|---|---|
| **COMPANY AND**<br>**SUPERVISOR'S NAME** | |
| **ADDRESS** | |
| **TELEPHONE** | |
| **NATURE OF BUSINESS** | |

| TO BE COMPLETED BY INSTITUTION STAFF | |
|---|---|
| **SENTENCING DISTRICT** | NEW YORK, SOUTHERN DISTRICT |
| **RELOCATION DISTRICT** | ARIZONA |
| **DETAINERS** | N/A |
| **SPECIAL CONDITIONS** | Provide financial disclosure; shall not incur credit charges w/out approval; participate in substance abuse and mental health treatment; submit to searches; no contact with victim or family w/out consent; advise USPO of residence. |
| **REMARKS** | Her relocation was approved. She will be referred for a pre-release RRC placement date of August 16, 2024.  She has an FSA Conditional Date of March 31, 2025. |

| Printed Name and Signature of Inmate<br>HUTSONA, TRACII SHOW | Register No.<br>46867-112 |
|---|---|
| Witness (Case Manager) Printed Name and Signature<br>Copeland, L. | Date<br>06/10/2024 |
| Review (Unit Manager) Printed Name and Signature<br>McAnally, D. | Date<br>06/10/2024 |

This form is to be completed by all individuals subject to supervision by the U.S. Probation Office or Court Service and Offender Supervision Agency for the District of Columbia. This includes Supervised Release, Parole, Mandatory Release, Mandatory Release to Special Parole, Special Parole and Court Designated Parole.

Record Copy - Institution; Copy - U.S. Probation Office; Copy - Inmate

FILE IN SECTION 5 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 5**