```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :         21-CR-299 (JMF)
                      -v-                                         :
                                                                  :     MEMORANDUM OPINION
TRACII SHOW HUTSONA,                                              :          AND ORDER
                                                                  :
                      Defendant.                                  :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Tracii Show Hutsona was convicted, following a guilty plea, of wire fraud in connection with a confidence scheme in which she embezzled over one million dollars from a woman for whom she had worked as a personal assistant. On February 28, 2023, the Court sentenced Hutsona to 51 months' imprisonment — at that time, the top of the Guidelines range — citing both her "despicable conduct," which involved "prey[ing] on a vulnerable victim, a single mom that was undergoing cancer treatment no less," and the fact that she had "not one, but two" prior fraud convictions for which she had received "substantial sentences." ECF No. 70, at 33-38. On March 19, 2024, the Court granted Hutsona's motion, pursuant to 18 U.S.C. § 3582(c)(2), for a sentence reduction in light of Amendment 821 to the United States Sentencing Guidelines and reduced her sentence to 42 months' imprisonment — the top of the Guidelines range as amended. *See* ECF Nos. 79-80. Proceeding without counsel, Hutsona now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release. *See* ECF No. 81.

As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See*

18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Fernandez*, 104 F.4th 420, 426-27 (2d Cir. 2024); *United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1] As the Second Circuit has held, "an 'extraordinary' reason is 'most unusual,' 'far from common,' and 'has little or no precedent,'" or is "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *Fernandez*, 104 F.4th at 428 (cleaned up). Meanwhile, "[a] 'compelling' reason 'is both powerful and convincing.'" *Id.* (cleaned up).

Measured against these standards, Hutsona's motion falls far short, substantially for the reasons stated by the Government in its opposition. *See* Gov't Opp'n 5-6. First, Hutsona's arguments — even taken together — do not rise to the level of "extraordinary and compelling reasons" within the meaning of the statute. Many of the reasons she proffers (such as the fact that she could pay restitution more quickly if she were free) were equally present at the time of sentencing. And the others — including the medical issues she raises — are closer to the ordinary incidents of incarceration than they are "'most unusual,' 'far from common,' [or with] 'little or no precedent.'" *Fernandez*, 104 F.4th at 428. Second, and in any event, the Court concludes that a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). Only four months ago, the Court carefully considered the Section 3553(a) factors — not to mention some of the very arguments Hutsona advances here — and concluded that the factors called for a sentence at the top of the Guidelines range as amended. That is equally true today.

---

[1] Where, as here, a defendant herself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Hutsona has satisfied. *See* ECF No. 83 ("Gov't Opp'n"), at 3-4 & n1.

For the foregoing reasons, Hutsona's motion is DENIED. The Clerk of Court is directed to terminate ECF No. 81 and to mail a copy of this Memorandum Opinion and Order to:

>Tracii Show Hutsona
>Register No. 46867-112
>FCI Phoenix
>Federal Correctional Institution
>37910 N. 45th Avenue
>Phoenix, AZ 85086

SO ORDERED.

Dated: August 1, 2024
      New York, New York

                                        JESSE M. FURMAN
                                   United States District Judge